IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEANN J. NESSELRODTE,
on behalf of herself and all others
similarly situated

      Plaintiff,

v.                                                                         Civil Action No. 3:11-CV-92

UNDERGROUND CASINO AND
LOUNGE, LLC,

      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES AND COSTS

This matter comes before the Court on Plaintiff Leanne Nesselrodte's *Motion to Compel Answers to Interrogatories*,[1] filed on August 14, 2012. On August 30, 2012, Defendant filed a Response.[2] The Court held an evidentiary hearing and argument on Plaintiff's Motion on September 10, 2012. Plaintiff appeared by counsel Garry G. Geffert, Esq. and Gregg C. Greenberg, Esq. Defendant appeared by counsel David A. Camilletti, Esq. and Matthew J. Hoffer, Esq. The hearing was conducted telephonically. At the close of the hearing, the Court advised the attorneys in this case that they have misunderstood the telephonic courtesy extended by the Court, and that for all future hearings held before the undersigned, the attorneys of record shall be present in the courtroom. Moreover, the Court instructed counsel for Defendant to produce legal authority, within

---

[1] Dkt. No. 53.

[2] Dkt. No. 63.

1

twenty-four hours, to support its position that general objections to discovery requests are permissible. Counsel for Defendant submitted this supplemental material on September 10, 2012.[3]

## I. INTRODUCTION

*A. Background*

This case, and Plaintiff's companion case against Divas, LLC,[4] are identical in nature. The claims arise out of Plaintiff's employment as an exotic dancer at the Defendant establishments. In her complaint, Plaintiff alleges that Defendants have violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (FLSA), and the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1, *et seq.* (WPCA), because during the course of her employment she was not payed any wages for the work she performed.[5] Instead, Plaintiff claims she was required to pay Defendants to work at their clubs, including charges for each shift, for private dances, and penalties for arriving late to work.[6]

Defendants have asserted a number of affirmative defenses and counterclaims in this action, claiming that the dancers were employed as independent contractors and that any monies earned at the club serve to offset the minimum wage requirements. Plaintiff served her first set of interrogatories on July 12, 2012, and Defendant objected to the information requested. The parties have engaged in the meet and confer process and were unable to reach an amicable result. Thus, this motion is properly before the Court.

---

[3] *See* Nesselrodte v. Divas, Civ. Act. No. 3:11-cv-95, Dkt. No. 66

[4] Civ. No. 3:11-cv-95.

[5] Dkt. No. 1.

[6] *Id.*

2

*B. The Motion*

Plaintiff Nesselrodte's *Motion to Compel Answers to Interrogatories*.

*C. Decision*

Plaintiff Nesselrodte's Motion is **GRANTED** because the information sought is likely to lead to the discovery of admissible evidence, and is not barred by any claim of privilege.

## II. THE MOTION TO COMPEL

*A. Contentions of the Parties*

Plaintiff contends that Defendant's responses to three of her interrogatories were incomplete. Those interrogatories and contentions as to why each should be answered are as follows:

> **Interrogatory 1**: State the full name, last known address, home and business telephone numbers, and present occupation or business affiliation of each person (other than a person intended to be called as an expert witness at trial) having discoverable information that tends to support a position that you have taken or intend to take in this action, including any affirmative defense, and state in detail the information possessed by each person identified.

Plaintiff contends that Defendant provided a list of names, but no addresses or phone numbers, and this information is needed to contact past employees because they are likely to have information regarding work conditions and compensation.[7]

> **Interrogatory 7**: State the full name, last known address, home and business telephone numbers, and present occupation or business affiliation of each person (other than Plaintiff) whom performed as a dancer at each establishment owned or operated by Diva's, LLC at any time from January 1, 2007 through the present.

For Interrogatory 7, Plaintiff renews its argument made in support of Interrogatory 1, that past

---

[7]The Court notes that Plaintiff's argument does not flow from the Interrogatory, as the Interrogatory asks for the information of people having discoverable information that tends to support a position of Defendant. Plaintiffs contention is that past employees might have discoverable evidence, which is the subject of Interrogatory seven.

3

employees are likely to have discoverable information regarding work conditions and wages.

> **Interrogatory 8**: With respect to each dancer identified in your response to Interrogatory No. 7, identify all forms of compensation each person received, including, but not limited to, salary, hourly or other pay, commissions, bonuses, and benefits each employee was to receive and any conditions to the receipt thereof. Identify all documents and statements which relate thereto.

Plaintiff claims that this information is relevant to the issues in litigation, and is likely to lead to the discovery of admissible evidence.

Defendant contends that these requests are cumulative, overbroad, and have been submitted to burden and harass Defendant. With respect to Interrogatory 1, Defendant claims that it has produced a list of all past and current employees, as well as telephone numbers of all current employees. Further, Defendant claims that if Plaintiff wants phone numbers of past employees she should consult publicly available search engines (*i.e.* Google) to find that information, or it will provide that information on an as requested basis. Defendant contends that Interrogatory 8 is, in addition to the reasons set forth in defense of its objections to Interrogatory 1, an attempt to maneuver around a pending decision before this Court regarding the facilitation of the identities of potential opt-in plaintiffs to an FLSA collective action. Finally, Defendant contends that it has fully responded to Interrogatory 8 by other means than, mainly that the information sought is contained in its Counterclaim.

*B. Discussion*

The Court will start where it ended the evidentiary hearing on September 10, 2012: the sufficiency of Defendant's objections. At the close of that hearing, the Court ordered counsel for Defendant to provide legal authority for its proposition that general, boilerplate objections are

permissible under the Federal Rules of Civil Procedure. Counsel did submit the requested authority.[8]
However, the Court is not persuaded by the decisions presented by the District Courts of Kansas and Nevada because that is not the law in the Fourth Circuit. The Honorable Mary E. Stanley of the Southern District of West Virginia has sagaciously summed up the law in the Fourth Circuit as follows:

> More often than not, District Courts in the Fourth Circuit have held that general objections to discovery requests, without more, are invalid. *See, e.g., Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238 (E.D.N.C. 2010)(mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.Va. 2010)("general objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co.*, LLC, 259 F.R.D. 118, 132 (S.D.W.Va. 2009)("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354 (D.Md. 2008)(court disapproves of a general objection asserted "to the extent" that it applies).

*Kelly v. FedEx Ground Package Sys.*, 3:10-cv-01265, 2011 U.S. Dist. LEXIS 45180 (S.D.W.V. Apr. 26, 2011). A party's reliance on general objections often results in the waiver of all specific objections. Fed. R. Civ. P. 33(b)(4).

Even taking the cases presented by Defendant into consideration they are still unpersuasive. For instance, Defendant points the Courts attention to *Mackey v. IBP, Inc.*, 167 F.R.D. 186 (D. Kan. 1996), for the proposition that facially overbroad or unduly burdensome requests do not need specific responses. In *Mackey*, the District Court of Kansas was faced with an interrogatory that requested the identity of "all documents 'pertaining to' comparisons or rankings of the plants of IBP

---

[8]*See* Civil Action No. 3:12-cv-2, Dkt. No. 67.

5

for 'any . . . reason.'" *Id*. at 197. The Kansas court found the 'pertaining to' and 'any reason' language did not limit the interrogatory in subject matter, geographic scope, or time, for the national entity that was a party to that case. Here, however, the interrogatories are limited to Defendant's knowledge of the operation of its establishment in West Virginia. Thus, *Mackey* is easily distinguishable.

Before addressing each interrogatory at issue, the Court will first turn to Defendant's "General Objections." Prefacing Defendant's answers to the interrogatories is a list of seventeen "General Objections," some of which are mere boilerplate objections, while others only apply "to the extent" they are triggered. Defendant incorporates these objections into each specific interrogatory, and in each specific answer states "See General Objections, which are incorporated herein," without relying on, or guiding to, any specific one of those general objections. The Court finds these objections impermissible as they: (1) provide no guidance to the Court in resolving a discovery dispute; (2) frustrate the purpose of discovery; and (3) fail to comply with the specificity requirements of Fed. R. Civ. P. 33(b). Therefore, the Court will not consider any of these objections, or Defendant's reliance upon these objections, in assessing the interrogatories at issue. With this framework in mind, the Court will now turn to each individual interrogatory.

*1. Interrogatory 1*

Interrogatory 1 seeks the "full name, address, home and business telephone numbers, and present occupation or business affiliation of each person . . . having discoverable information that tends to support a position you have taken or intend to take in this action, including any affirmative defense, and state in detail the information possessed by each person identified." Defendant objects that the request is "overbroad and unduly burdensome in that it requests Defendant to set forth 'in

detail' the information possessed by each person identified." Defendant did provide a list of names in its answer but did not provide the contact information or nature of the information that each person might hold.

Interestingly, this request seems to mirror what is required under the Federal Rule of Civil Procedure 26, regarding initial disclosures:

> (a) Required Disclosures.
>   (1) Initial Disclosure.
>     (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>       (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Thus, Plaintiff's request is merely a small extension of what the Rules already require in that it seeks the occupation of the people, and it requests details rather than subjects of that information. The Court finds that this is permissible discovery that is not overbroad or unduly burdensome, and that Defendant's answer is not fully responsive to the request. Thus, the motion in this regard is **GRANTED**. Accordingly, it is hereby **ORDERED** that Defendant fully respond to Interrogatory 1 within ten [10] days of this Order.

2. *Interrogatory 7*

First, Defendant's contention that this motion is a surreptitious maneuver by Plaintiff to circumvent the pending motion to facilitate is moot, as that motion has since been granted. Interrogatory 7 seeks the names and contact information of former dancers at the Defendant club for the past five years. Defendant admits in its memorandum in opposition to the motion that it has this information, but raises concerns about the privacy and safety of its dancers by espousing those

7

names to the public. The law begins with the presumption that the public is entitled to every person's evidence. *Blackmer v. United States*, 284 U.S. 421 (1932). Further, the Federal Rules of Civil Procedure authorize discovery of any relevant matter not privileged, and invest the trial courts with broad discretion in supervising the scope of discovery. Thus, the Court is left to balance the privacy concerns espoused by Defendant with the need for the information. *See e.g., Richards of Rockford, Inc. v. Pac. Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N. D. Ca. 1976).

Plaintiff and the public at large have a strong interest in fair and efficient resolutions of civil claims. On the other hand, Defendant has an interest in protecting its dancers' safety and privacy. In balancing these competing interests, the former outweighs the latter. Federal courts have routinely allowed single exotic dancer plaintiffs to propound their interests in seeking wages under the FLSA by seeking out other dancers to bolster their claims, including this Court. *See e.g. Ruffin v. Ent'mt of the E. Panhandle, Inc*., 3:11-cv-19, 2012 U.S. Dist. LEXIS 29835 (N.D.W.V. Mar. 7, 2012); Green *v. Plantation of Louisiana, LLC*, 2:10-0364, 2010 U.S. Dist. LEXIS 133441 (W.D. La. Nov. 24, 2010); *Doe v. Cin-Lan, Inc.*, 08-cv-12719, 2008 U.S. Dist. LEXIS 107802 (E.D. Mi. Nov. 20, 2008). Moreover, courts have refused to allow exotic dancer plaintiffs to proceed under pseudonyms based on alleged safety and privacy concerns. *See 4 Exotic Dancers v. Spearmint Rhino*, cv 08-4038 ABC, 2009 U.S. Dist. LEXIS 9841 (C.D. Ca. Jan. 29, 2009). Thus, because the former dancers might have evidence reasonably calculated to lead to the discovery of admissible evidence regarding the work conditions at Defendant clubs, and the privacy interests of the dancers do not warrant taking them out of the realm of discovery, the motion in this regard is **GRANTED**. It is hereby **ORDERED** that Defendant fully respond to Interrogatory 7 within ten [10] days of this Order.

*3. Interrogatory 8*

Interrogatory 8 seeks the compensation provided to each dancer identified in Interrogatory 7. Defendant asserts boilerplate objections, in addition to its general objections, that the interrogatory is overly broad, unduly burdensome, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Court finds that this information is relevant to determining whether Defendant's violations were willful under the FLSA, triggering a three year statute of limitations, and whether Defendant acted in good faith and had a reasonable basis to believe it was in compliance with the FLSA. At the very least, the information might lead to the discovery of further admissible evidence, and that is all the Federal Rules of Civil Procedure require. *See* Fed. R. Civ. P. 33(a)(2). Finally, Defendant contends that it has already answered this interrogatory through its counterclaim. However, nowhere in the Rules does it state that this is an acceptable substitute for answering the interrogatory. Accordingly, the motion in this regard is **GRANTED**. It is hereby **ORDERED** that Defendant fully respond to Interrogatory 8 within ten [10] days of this Order.

### III. ATTORNEYS FEES AND COSTS

Federal Rule of Civil Procedure 37(a)(5)(A) governs motions for an order compelling disclosures or discovery.

> (5) Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Plaintiff shall file an affidavit of reasonable expenses, including attorney's fees, within fourteen [14]

days of this Order. Defendant and its counsel shall be given an opportunity to be heard on Wednesday, October 24, 2012, at 1:30 p.m.

## IV. DECISION

The Court finds that Defendant has provided incomplete answers to the interrogatories at issue. Thus, Plaintiff's Motion to Compel with respect to those requests is hereby **GRANTED**. Defendant is **ORDERED** to provide complete responses to the interrogatories within ten [10] days of the filing of this Order.

Because the Court finds the aforementioned sanctions appropriate in this case, Plaintiff is **ORDERED** to file an affidavit of reasonable expenses, including attorney's fees, within fourteen [14] days of this Order. Defendant and its counsel shall be given an opportunity to be heard on Wednesday, October 24, 2012, at 1:30 p.m.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: September 25, 2012        /s/ *James E. Seibert*
                                 JAMES E. SEIBERT
                                 UNITED STATES MAGISTRATE JUDGE